UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
KENNIE CORREA,

              Plaintiff

     v.

THE MACERICH COMPANY, MACERICH MANAGEMENT
COMPANY AND MACERICH PROPERTY MANAGEMENT
COMPANY, LLC,

              Defendants
------------------------------------x



NOTICE OF REMOVAL OF
CIVIL ACTION PURSUANT
TO 28 U.S.C. §1441

ECF CASE

**08 CIV. 5410**

TO:  CLERK OF THE ABOVE-ENTITLED COURT:

    **JUDGE KOELTL**

    NOTICE IS HEREBY GIVEN, that The Macerich Company, Macerich

Management Company and Macerich Property Management Company, LLC

the Defendants in the civil action in the SUPREME COURT OF THE

STATE OF NEW YORK, COUNTY OF BRONX, hereby files this Notice of

Removal to the United States District Court for the Southern

District of New York pursuant to 28 U.S.C. Sections 1441 and

1446.  A true copy of the State Court Notice of Removal of Civil

Action (without its attachments) is attached hereto as Exhibit

"A" and is incorporated herein by reference.  True and correct

copies of Plaintiff's Summons and Complaint are attached hereto

as Exhibit "B".

    This is a civil action seeking monetary damages in excess

of $75,000 of which this Court has original jurisdiction under

28 U.S.C. section 1332.

The United States District Court of the Southern District of New York has original jurisdiction of this matter based on diversity of citizenship of the parties. The basis of this jurisdiction is provided in Section 1332(a) of Title 28 of the United States Code. This section states, in pertinent part, that the district courts should have original jurisdiction of all civil actions with a matter in controversy exceeds the sum of or value of $75,000 exclusive of interest and cost, and is between citizens of different States.

As seen from the pleadings in this matter, plaintiffs are citizens of the State of New York and defendants are residents of the State of California. The Summons and Complaint further alleges that the matter in controversy is well in excess of $75,000.

Concurrently with the filing of this Notice of Removal, defendant is giving notice to all known parties of this removal and the fact that this case is to be docketed in this Court and that this Court will grant relief to defendant as is proper under the circumstances.

Pursuant to 28 U.S.C. Section 1446(a) all process, pleadings and orders that have been served upon defendant to date in this matter are annexed to this Notice of Removal as Exhibit "B".

Pursuant to 28 U.S.C. 1446(d) a true and complete copy of

this Notice of Removal will be submitted for filing with the

SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF BRONX.

DATED:     June 13, 2008
           White Plains, New York

                         Yours, etc.,
                         Eustace & Marquez
                         Attorneys for Defendants
                         **THE MACERICH COMPANY, MACERICH**
                         **MANAGEMENT COMPANY AND MACERICH**
                         **PROPERTY MANAGEMENT COMPANY, LLC**
                         Office and Post Office Address
                         1311 Mamaroneck Avenue
                         3rd Floor
                         White Plains, New York  10605
                         (914) 989-6650

                         By: _____
                              Diane C. Miceli - 2625

**EXHIBIT "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x          Index No.:  303912/08
KENNIE CORREA,

                    Plaintiff                **NOTICE OF FILING OF**
                                              **NOTICE OF REMOVAL**

        v.


THE MACERICH COMPANY, MACERICH MANAGEMENT
COMPANY AND MACERICH PROPERTY MANAGEMENT
COMPANY, LLC,

                    Defendants
------------------------------------x

TO:  **THE CLERK OF THE SUPREME COURT FOR THE STATE OF NEW YORK
     AND TO ALL PARTIES TO THE ACTION HEREIN:**

        PLEASE TAKE NOTICE THAT Defendants THE MACERICH COMPANY,

MACERICH MANAGEMENT COMPANY AND MACERICH PROPERTY MANAGEMENT

COMPANY, LLC, have filed a Notice of Removal of this action in

the United States District Court for the Southern District of

New York, on June 13, 2008, pursuant to the provisions of 28

U.S.C. §§ 1441 and 1446. A Copy of the said Notice of Removal is

annexed hereto as Exhibit "A".  This notice is filed pursuant to

28 U.S.C. §1446(d).

DATED:     June 13, 2008
           White Plains, New York

                         Yours, etc.,
                         Eustace & Marquez
                         Attorneys for Defendants
                         **THE MACERICH COMPANY, MACERICH
                         MANAGEMENT COMPANY AND MACERICH
                         PROPERTY MANAGEMENT COMPANY, LLC**
                         Office and Post Office Address
                         1311 Mamaroneck Avenue
                         3rd Floor
                         White Plains, New York  10605
                         (914) 989-6650

                         By: _____
                              Diane C. Miceli

**EXHIBIT "B"**

# WORKING COPY

**SUPREME COURT   STATE OF NEW YORK**
**COUNTY OF BRONX**

---

KENNIE CORREA,

                           Plaintiff,

    -against-

**THE MACERICH COMPANY, MACERICH**
**MANAGEMENT COMPANY and MACERICH**
**PROPERTY MANAGEMENT COMPANY, LLC,**

                           Defendants.

---

Index No.: 303912/08

**SUMMONS**   5/14/08

Plaintiff designates Bronx County as the place of trial.

The basis of the venue is plaintiff's residence.  The Plaintiff resides at 599 Morris Avenue, Bronx, New York 10451.

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken by default for the relief demanded in the complaint.

Dated:    Syracuse, New York
          May 12, 2008

                                      Walter F. Benson, Esq.
                                      **Lynn Law Firm, LLP**
                                      Attorneys for Plaintiff
                                      Suite 802 - M&T Bank Building
                                      101 South Salina Street
                                      Syracuse, New York 13202
                                      Telephone: (315) 474-1267

Defendants' Addresses:

**The Macerich Company,** 401 Wilshire Boulevard, Suite 700, Santa Monica, CA 90401

**Macerich Management Company,** 401 Wilshire Blvd., Suite 700,
    Santa Monica, CA 90401

**Macerich Property Management Company, LLC,** c/o CT Corporation System,
    111 8th Avenue, New York, New York 10011

# WORKING COPY

SUPREME COURT    STATE OF NEW YORK
COUNTY OF BRONX
_____

KENNIE CORREA,                                                    Index No.:

                              Plaintiff,                        **COMPLAINT**

            -against-

THE MACERICH COMPANY, MACERICH
MANAGEMENT COMPANY and MACERICH
PROPERTY MANAGEMENT COMPANY, LLC,

                              Defendants.
_____

Plaintiff, **Kennie Correa**, by his attorneys, **Walter F. Benson**, Esq./**Lynn Law Firm**, LLP,

complaining of the defendants, herein alleges as follows, upon information and belief:


### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, KENNIE CORREA, AGAINST DEFENDANT, THE MACERICH COMPANY:

1.    That at all times herein mentioned, the plaintiff, **Kennie Correa**, was a resident of the

County of the Bronx, City and State of New York.


2.    That at all times herein mentioned, the defendant, **The Macerich Company**, was a

public company duly organized and existing under and by virtue of the laws of the State

of New York.


3.    That at all times herein mentioned, the defendant, **The Macerich Company**, was a

foreign company duly organized and existing under and by virtue of the laws of a sister

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

State.

4.    That at all times herein mentioned, the defendant, **The Macerich Company**, was and is a business entity duly authorized to conduct business activities within the State of New York.

5.    That at all times herein mentioned, the defendant, **The Macerich Company**, was and is a business entity actually conducting business activities within the State of New York.

6.    That at all times herein mentioned, the defendant, **The Macerich Company**, was and is a business entity actually engaged in business activities within the State of New York.

7.    At all times hereinafter mentioned, the defendant, **The Macerich Company,** was and/or still is engaged in the continuous course of business involving the distribution and sale of products within the State of New York, and derived considerable and regular income from interstate commerce and specifically from commerce within the State of New York.

8.    That at all times herein mentioned, the defendant, **The Macerich Company**, owned the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

9.    That at all times herein mentioned, the defendant, **The Macerich Company**, operated the building and premises known as Cross County Shopping Center and located in the

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

City of Yonkers, County of Westchester and State of New York.

10.     That at all times herein mentioned, the defendant, **The Macerich Company**, managed the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

11.     That at all times herein mentioned, the defendant, **The Macerich Company**, maintained the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

12.     That at all times herein mentioned, the defendant, **The Macerich Company**, repaired the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

13.     That at all times herein mentioned, the defendant, **The Macerich Company**, renovated the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

14.     That at all times herein mentioned, the defendant, **The Macerich Company**, inspected the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

15.     That at all times herein mentioned, the defendant, **The Macerich Company**, controlled

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

16.    That at all times herein mentioned, the defendant, **The Macerich Company**, staffed the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

17.    That at all times herein mentioned, the defendant, **The Macerich Company**, supervised the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

18.    That at all times herein mentioned, the defendant, **The Macerich Company**, occupied the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

19.    That at all times herein mentioned, the defendant, **The Macerich Company**, leased the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

20.    That at all times herein mentioned, the defendant, **The Macerich Company**, owned a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said

space a retail shoe store known as Stratford Shoes Ltd.

21.    That at all times herein mentioned, the defendant, **The Macerich Company**, operated a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

22.    That at all times herein mentioned, the defendant, **The Macerich Company**, managed a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

23.    That at all times herein mentioned, the defendant, **The Macerich Company**, maintained a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

24.    That at all times herein mentioned, the defendant, **The Macerich Company**, repaired a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers,

County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

25.    That at all times herein mentioned, the defendant, **The Macerich Company**, renovated a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

26.    That at all times herein mentioned, the defendant, **The Macerich Company**, inspected a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

27.    That at all times herein mentioned, the defendant, **The Macerich Company**, controlled a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

28.    That at all times herein mentioned, the defendant, **The Macerich Company**, staffed a retail sales location/mall open to the general public and others and known as Cross

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

29.    That at all times herein mentioned, the defendant, **The Macerich Company**, supervised a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

30.    That at all times herein mentioned, the defendant, **The Macerich Company**, occupied a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

31.    That at all times herein mentioned, the defendant, **The Macerich Company**, leased a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

32.    That South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

of New York is known as Cross County Shopping Center.

33.   That on or about April 8, 2008, the plaintiff, **Kennie Correa**, was lawfully present at the premises/building/retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

34.   That on or about April 8, 2008, the plaintiff, **Kennie Correa**, was lawfully at the aforesaid premises in the course of his employment for the purpose of performing work in conjunction with stocking merchandise within said retail shoe store known as Stratford Shoes Ltd.

35.   That on or about April 8, 2008 in the course of the performance of his duties, the plaintiff, **Kennie Correa**, was at an elevation at the said retail shoe store known as Stratford Shoes Ltd.

36.   That on or about April 8, 2008 in the course of his duties in the stocking of merchandise at said shoe store known as Stratford Shoes Ltd., the plaintiff, **Kennie Correa**, was working upon and utilizing a ladder at said premises.

37.   That on or about April 8, 2008, while the plaintiff, **Kennie Correa**, was working upon and/or utilizing a ladder at said retail shoe store known as Stratford Shoes Ltd., he was

LYNN LAW FIRM, LLP   ATTORNEYS AT LAW   SYRACUSE, NEW YORK

caused to and did fall sustaining serious, severe and permanent personal injuries.

38.    That the defendant, **The Macerich Company**, its agents, servants and/or employees and/or contractors and/or those acting on its behalf or at its request were negligent in the want of due care and caution in the ownership, operation, management, maintenance, repair, renovation, inspection, control, staffing, supervision and/or leasing of the subject premises; in causing, creating and allowing an unsafe, dangerous, defective and hazardous condition to exist thereat; and the defendant was in other ways and in general, reckless, negligent and careless in the subject premises.

39.    That said accident and injuries to the plaintiff, **Kennie Correa**, resulting therefrom were caused solely by the negligence and statutory violations of the defendant, **The Macerich Company**, without any negligence on the part of the plaintiff, **Kennie Correa**, contributing thereto.

40.    That as a result of the aforesaid negligence of the defendant, **The Macerich Company**, its agents, servants and/or employees and/or contractors and/or those acting on its behalf or at its request as herein alleged, the plaintiff, **Kennie Correa**, did suffer serious, severe and permanent personal injuries.

41.    This action falls within one or more of the exceptions as set forth in CPLR 1602.

42.    As a result of the aforesaid occurrence and negligence of the defendant, **The Macerich**

LYNN LAW FIRM. LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK



47. That at all times herein mentioned, the defendant, **Macerich Management Company**, was and is a business entity actually conducting business activities within the State of New York.

48. That at all times herein mentioned, the defendant, **Macerich Management Company**, was and is a business entity actually engaged in business activities within the State of New York.

49. That at all times herein mentioned, the defendant, **Macerich Management Company**, owned the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

50. That at all times herein mentioned, the defendant, **Macerich Management Company**, operated the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

51. That at all times herein mentioned, the defendant, **Macerich Management Company**, managed the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

52. That at all times herein mentioned, the defendant, **Macerich Management Company**, maintained the building and premises known as Cross County Shopping Center and

located in the City of Yonkers, County of Westchester and State of New York.

53. That at all times herein mentioned, the defendant, **Macerich Management Company**, repaired the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

54. That at all times herein mentioned, the defendant, **Macerich Management Company**, renovated the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

55. That at all times herein mentioned, the defendant, **Macerich Management Company**, inspected the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

56. That at all times herein mentioned, the defendant, **Macerich Management Company**, controlled the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

57. That at all times herein mentioned, the defendant, **Macerich Management Company**, staffed the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

58. That at all times herein mentioned, the defendant, **Macerich Management Company**,

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

supervised the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

59.    That at all times herein mentioned, the defendant, **Macerich Management Company**, occupied the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

60.    That at all times herein mentioned, the defendant, **Macerich Management Company**, leased the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

61.    That at all times herein mentioned, the defendant, **Macerich Management Company**, owned a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

62.    That at all times herein mentioned, the defendant, **Macerich Management Company**, operated a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

63.    That at all times herein mentioned, the defendant, **Macerich Management Company**,

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

managed a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

64.   That at all times herein mentioned, the defendant, **Macerich Management Company**, maintained a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

65.   That at all times herein mentioned, the defendant, **Macerich Management Company**, repaired a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

66.   That at all times herein mentioned, the defendant, **Macerich Management Company**, renovated a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

LYNN LAW FIRM, LLP   ATTORNEYS AT LAW   SYRACUSE, NEW YORK

67. That at all times herein mentioned, the defendant, **Macerich Management Company**, inspected a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

68. That at all times herein mentioned, the defendant, **Macerich Management Company**, controlled a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

69. That at all times herein mentioned, the defendant, **Macerich Management Company**, staffed a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

70. That at all times herein mentioned, the defendant, **Macerich Management Company**, supervised a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

71. That at all times herein mentioned, the defendant, **Macerich Management Company**, occupied a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

72. That at all times herein mentioned, the defendant, **Macerich Management Company**, leased a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

73. That South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York is known as Cross County Shopping Center.

74. That on or about April 8, 2008, the plaintiff, **Kennie Correa**, was lawfully present at the premises/building/retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

75. That on or about April 8, 2008, the plaintiff, **Kennie Correa**, was lawfully at the

aforesaid premises in the course of his employment for the purpose of performing work in conjunction with stocking merchandise within said retail shoe store known as Stratford Shoes Ltd.

76.   That on or about April 8, 2008 in the course of the performance of his duties, the plaintiff, **Kennie Correa**, was at an elevation at the said retail shoe store known as Stratford Shoes Ltd.

77.   That on or about April 8, 2008 in the course of his duties in the stocking of merchandise at said shoe store known as Stratford Shoes Ltd., the plaintiff, **Kennie Correa**, was working upon and utilizing a ladder at said premises.



78.   That on or about April 8, 2008, while the plaintiff, **Kennie Correa**, was working upon and/or utilizing a ladder at said retail shoe store known as Stratford Shoes Ltd., he was caused to and did fall sustaining serious, severe and permanent personal injuries.



79.   That the defendant, **Macerich Management Company**, its agents, servants and/or employees and/or contractors and/or those acting on its behalf or at its request were negligent in the want of due care and caution in the ownership, operation, management, maintenance, repair, renovation, inspection, control, staffing, supervision and/or leasing of the subject premises; in causing, creating and allowing an unsafe, dangerous, defective and hazardous condition to exist thereat; and the defendant was in other ways and in general, reckless, negligent and careless in the subject premises.

LYNN LAW FIRM LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

80.   That said accident and injuries to the plaintiff, **Kennie Correa**, resulting therefrom were caused solely by the negligence and statutory violations of the defendant, **Macerich Management Company**, without any negligence on the part of the plaintiff, **Kennie Correa**, contributing thereto.

81.   That as a result of the aforesaid negligence of the defendant, **Macerich Management Company**, its agents, servants and/or employees and/or contractors and/or those acting on its behalf or at its request as herein alleged, the plaintiff, **Kennie Correa**, did suffer serious, severe and permanent personal injuries.

82.   This action falls within one or more of the exceptions as set forth in CPLR 1602.

83.   As a result of the aforesaid occurrence and negligence of the defendant, **Macerich Management Company**, its agents, servants and/or employees and/or contractors and/or those acting on its behalf or at its request, as hereinabove set forth, the plaintiff, **Kennie Correa**, has sustained serious, severe and permanent personal injuries all to his damage in a sum exceeding the jurisdictional limits of all lower courts which might otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, KENNIE CORREA, AGAINST THE DEFENDANT, MACERICH PROPERTY MANAGEMENT COMPANY, LLC:

84.   The plaintiff repeats, reiterates and realleges each and every allegation contained in

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

paragraphs numbered "1" thru "83" of this complaint with the same force and effect as though more fully set forth herein at length.



85. That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, was a limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

86. That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, was a foreign limited liability company duly organized and existing under and by virtue of the laws of a sister State.

87. That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, was and is a business entity duly authorized to conduct business activities within the State of New York.

88. That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, was and is a business entity actually conducting business activities within the State of New York.

89. That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, was and is a business entity actually engaged in business activities within the State of New York.

90.     That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, owned the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

91.     That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, operated the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

92.     That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, managed the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

93.     That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, maintained the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

94.     That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, repaired the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

York.

95.    That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, renovated the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

96.    That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, inspected the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

97.    That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, controlled the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

98.    That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, staffed the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

99.    That at all times herein mentioned, the defendant, **Macerich Property Management**

Company, LLC, supervised the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

100.    That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, occupied the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

101.    That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, leased the building and premises known as Cross County Shopping Center and located in the City of Yonkers, County of Westchester and State of New York.

102.    That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, owned a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

103.    That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, operated a retail sales location/mall open to the general public and

others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

104.    That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, managed a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

105.    That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, maintained a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

106.    That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, repaired a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which

LYNN LAW FIRM LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

107.   That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, renovated a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

108.   That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, inspected a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

109.   That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, controlled a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

110.    That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, staffed a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

111.    That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, supervised a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

112.    That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, occupied a retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

113.    That at all times herein mentioned, the defendant, **Macerich Property Management Company, LLC**, leased a retail sales location/mall open to the general public and

others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

114. That South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York is known as Cross County Shopping Center.

115. That on or about April 8, 2008, the plaintiff, **Kennie Correa**, was lawfully present at the premises/building/retail sales location/mall open to the general public and others and known as Cross County Shopping Center and located at South Drive/Xavier Drive in the City of Yonkers, County of Westchester and State of New York which included and contained within said space a retail shoe store known as Stratford Shoes Ltd.

116. That on or about April 8, 2008, the plaintiff, **Kennie Correa**, was lawfully at the aforesaid premises in the course of his employment for the purpose of performing work in conjunction with stocking merchandise within said retail shoe store known as Stratford Shoes Ltd.

117. That on or about April 8, 2008 in the course of the performance of his duties, the plaintiff, **Kennie Correa**, was at an elevation at the said retail shoe store known as Stratford Shoes Ltd.

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

118. That on or about April 8, 2008 in the course of his duties in the stocking of merchandise at said shoe store known as Stratford Shoes Ltd., the plaintiff, **Kennie Correa**, was working upon and utilizing a ladder at said premises.

119. That on or about April 8, 2008, while the plaintiff, **Kennie Correa**, was working upon and/or utilizing a ladder at said retail shoe store known as Stratford Shoes Ltd., he was caused to and did fall sustaining serious, severe and permanent personal injuries.

120. That the defendant, **Macerich Property Management Company, LLC**, its agents, servants and/or employees and/or contractors and/or those acting on its behalf or at its request were negligent in the want of due care and caution in the ownership, operation, management, maintenance, repair, renovation, inspection, control, staffing, supervision and/or leasing of the subject premises; in causing, creating and allowing an unsafe, dangerous, defective and hazardous condition to exist thereat; and the defendant was in other ways and in general, reckless, negligent and careless in the subject premises.

121. That said accident and injuries to the plaintiff, **Kennie Correa**, resulting therefrom were caused solely by the negligence and statutory violations of the defendant, **Macerich Property Management Company, LLC**, without any negligence on the part of the plaintiff, **Kennie Correa,** contributing thereto.

122. That as a result of the aforesaid negligence of the defendant, **Macerich Property Management Company, LLC**, its agents, servants and/or employees and/or

contractors and/or those acting on its behalf or at its request as herein alleged, the plaintiff, **Kennie Correa**, did suffer serious, severe and permanent personal injuries.

123. This action falls within one or more of the exceptions as set forth in CPLR 1602.

124. As a result of the aforesaid occurrence and negligence of the defendant, **Macerich Property Management Company, LLC**, its agents, servants and/or employees and/or contractors and/or those acting on its behalf or at its request, as hereinabove set forth, the plaintiff, **Kennie Correa**, has sustained serious, severe and permanent personal injuries all to his damage in a sum exceeding the jurisdictional limits of all lower courts which might otherwise have jurisdiction.

    **WHEREFORE**, the plaintiff, **Kennie Correa**, demands judgment the defendants, **The Macerich Company, Macerich Management Company** and **Macerich Property Management Company, LLC**, in a sum exceeding the jurisdictional limits of all lower courts which might otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:   May 12, 2008

_____
**Walter F. Benson**, Esq.
**Lynn Law Firm, LLP**
Attorneys for Plaintiff
Suite 802, M&T Bank Building
101 South Salina Street
Syracuse, New York  13202
(315) 474-1267

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

STATE OF NEW YORK )
                                    ) ss.:
COUNTY OF ONONDAGA )

I, **Walter F. Benson**, Esq., the undersigned, an attorney admitted to practice in the courts of New York State states that I am the attorney of record for the plaintiff, **Kennie Correa**, the within action; I have read the foregoing Summons and Verified Complaint, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe them to be true. The reason this verification is made by me and not by the plaintiff, **Kennie Correa**, is that I have an office in a county other than the one in which the plaintiff resides.

DATED:    May 12, 2008
                Syracuse, New York

                                                        Walter F. Benson

**EXHIBIT "C"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x    Index No.:  303912/08
KENNIE CORREA,

               Plaintiff    **ANSWER TO COMPLAINT**

           v.

THE MACERICH COMPANY, MACERICH
MANAGEMENT COMPANY AND MACERICH PROPERTY
MANAGEMENT COMPANY, LLC,

             Defendants
------------------------------------x

    Defendants, The Macerich Company, Macerich Management Company and Macerich Property Management Company, LLC, by their attorneys, EUSTACE & MARQUEZ, answer the Complaint of the Plaintiff by stating as follows:

    1.    Deny, upon information and belief, the allegations of paragraphs 37, 38, 39, 40, 42, 78, 79, 80, 81, 83, 118, 119, 120, 121, 122 and 124.

    2.    Deny, upon information and belief, the allegations of paragraphs 41, 82 and 123 and respectfully refers all questions of law to this Honorable Court.

    3.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60,

61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76,

77, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99,

100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112,

113, 114, 115, 116 and 117.

4.    Respond to paragraph 84 of the Complaint by repeating,
reiterating, and realleging all responses given to the
paragraphs referred to therein with the same force and effect as
if herein set forth at length.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

5.    The injuries alleged to have been suffered by the
Plaintiff were caused, in whole or part, by the conduct of
Plaintiff. Plaintiff's claims therefore are barred or diminished
in the proportion that such culpable conduct of Plaintiff bears
to the total culpable conduct causing the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

6.    Pursuant to CPLR Article 16, the liability of these
Defendants for non-economic loss shall not exceed the equitable
share of these Defendants determined in accordance with the
relative culpability of each person/party causing or
contributing to the total liability for non-economic loss.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE THESE
### ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

7.    That recovery, if any, by the Plaintiff shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR 4545(c).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### THESE ANSWERING DEFENDANTS ALLEGE AS
### FOLLOWS:

8.    That if it is determined that these answering Defendants are responsible for the acts alleged in the Complaint then Plaintiff failed to take appropriate action to mitigate any damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THESE
### ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

9.    The injuries and damages alleged in the Complaint of the Plaintiff were caused or contributed to by Plaintiff's culpable conduct in assuming the risk under the conditions and circumstances existing.

WHEREFORE, these Defendants demand judgment dismissing the Complaint, together with costs and disbursements, and in the event any judgment or settlement is recovered herein against these Defendants, then these Defendants further demand that such judgment be reduced by the amount which is proportionate to the degree of culpability of any plaintiff, and these Defendants further demand judgment

against each other party on the respective crossclaims
and/or counterclaims.

DATED: June 13, 2008
       White Plains, New York

                              Yours, etc.,

                              **EUSTACE & MARQUEZ**
                              Attorneys for Defendants
                              **THE MACERICH COMPANY,**
                              **MACERICH MANAGEMENT COMPANY**
                              **AND MACERICH PROPERTY**
                              **MANAGEMENT COMPANY, LLC**
                              Office and Post Office
                              Address
                              1311 Mamaroneck Avenue
                              3rd Floor
                              White Plains, New York  10605
                              (914) 989-6650

                              By: _____

                              Diane C. Miceli

To:

Lynn Law Firm, LLP
Attorneys for Plaintiff, Kennie Correa
802 M&T Bank Building
101 S. Salina Street
Syracuse, New York  13202

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x
KENNIE CORREA,

                   Plaintiff

                v.

THE MACERICH COMPANY, MACERICH MANAGEMENT
COMPANY AND MACERICH PROPERTY MANAGEMENT
COMPANY, LLC,

               Defendants
------------------------------------x

Index No.:  303912/08

**NOTICE PURSUANT TO
CPLR 2103**

       **PLEASE TAKE NOTICE** that Defendants **The Macerich Company, Macerich Management Company and Macerich Property Management Company, LLC,** by their attorneys, EUSTACE & MARQUEZ, hereby serve(s) Notice upon you pursuant to Rule 2103 of the Civil Practice Law and Rules that it **expressly rejects** service of papers in this matter upon them by electronic means.

       **PLEASE TAKE FURTHER NOTICE** that waiver of the foregoing may only be affected by express prior written consent to such service by **EUSTACE & MARQUEZ** and by placement thereby of **EUSTACE & MARQUEZ** electronic communication number in the address block of papers filed

with the Court.

DATED: June 13, 2008
        White Plains, New York


                              Yours, etc.,

                              **EUSTACE & MARQUEZ**
                              Attorneys for Defendants
                              **THE MACERICH COMPANY,**
                              **MACERICH MANAGEMENT COMPANY**
                              **AND MACERICH PROPERTY**
                              **MANAGEMENT COMPANY, LLC**
                              Office and Post Office
                              Address
                              1311 Mamaroneck Avenue
                              3rd Floor
                              White Plains, New York  10605
                              (914) 989-6650

                              By: _____
                                  Diane C. Miceli

To:

Lynn Law Firm, LLP
Attorneys for Plaintiff, Kennie Correa
802 M&T Bank Building
101 S. Salina Street
Syracuse, New York  13202

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------x          Index No.:  303912/08
KENNIE CORREA,
                                                **COMBINED DISCOVERY**
                Plaintiff                       **DEMANDS AND NOTICE OF**
                                                **DEPOSITION**
                v.


THE MACERICH COMPANY, MACERICH MANAGEMENT
COMPANY AND MACERICH PROPERTY MANAGEMENT
COMPANY, LLC,

                Defendants
-------------------------------------x

   **PLEASE TAKE NOTICE,** that Defendants **The Macerich Company,**

**Macerich Management Company and Macerich Property Management**

**Company, LLC,** by their attorneys, **EUSTACE & MARQUEZ,** demands

that each adverse party afford us the disclosure which this

notice and demand specifies:

          **DEPOSITIONS OF ADVERSE PARTIES UPON ORAL EXAMINATION**

   A.  Each adverse party is to appear for deposition

upon oral examination pursuant to CPLR 3107:

   (1) At this date and time: July 14, 2008 at 10:00 am

   (2) At this place:  Eustace & Marquez

                       1311 Mamaroneck Avenue

                       3rd Floor

                       White Plains, NY 10605

   Pursuant to CPLR 3106(d) we designate the following as

the identity, description or title of the particular

officer, director, member, or employee of the adverse party specified whose deposition we desire to take: ALL PARTIES

C. Each deposition witness thus examined is to produce at such time and place, pursuant to CPLR 3111, all books, papers, and other things which are relevant to the issues in the action and within that adverse party's possession, custody, or control to be marked as exhibits, and used on the examination.

### PARTY STATEMENTS

Each adverse party is to serve on us, pursuant to CPLR 3101(e) and CPLR 3120, within thirty (30) days from the service of this Demand, a complete and legible copy of any statement made by or taken from any individual party or any officer, agent, or employee of said party.

### INSURANCE POLICIES

Each adverse party is to serve, pursuant to CPLR 3101(f) and CPLR 3120, within thirty (30) days from the service of this Demand, a complete and legible copy of each primary or excess insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

## ACCIDENT REPORTS

Each adverse party is to serve, pursuant to CPLR 3101(g) and CPLR 3120, within thirty (30) days from service of this Demand, a complete and legible copy of every written report of the accident or other event alleged in the complaint prepared in the regular course of that adverse party's business operations or practices.

## PHOTOGRAPHS AND VIDEOTAPES

Each adverse party is to serve within thirty (30) days from the service of this Demand, complete and legible photographic or videotape reproductions of any and all photographs, motion pictures, maps, drawings, diagrams, measurements, surveys of the scene of the accident or equipment or instrumentality involved in the action or photographs of persons or vehicles involved (if applicable) made either before, after or at the time of the events in question, including any photographs or videotapes made of the plaintiff at any time since the incident referred to in the Complaint.

## WITNESSES

Each adverse party is to serve within thirty (30) days from the service of this Demand, the name and address of each witness to any of the following:

1.   The accident, occurrence or any other event set forth in the complaint.

2.   Any fact tending to prove actual or constructive notice of any condition which may give rise to the liability of any person, whether or not a party, for any damages alleged in this action.

3.   Any admission, statement, writing or act of our client.

### EXPERT WITNESS MATERIAL

Each adverse party is to serve, pursuant to CPLR 3101(d)(1), within thirty (30) days from the service of this request, a statement specifying all of the following data as to each person whom that adverse party expects to call as an expert witness at trial:

A.   The identity of each expert;

B.   The subject matter on which each expert is expected to testify, disclosed in reasonable detail;

C.   The substance of the facts and opinions on which each expert is expected to testify;

D.   The qualifications of each expert; and

E.   A summary of the grounds for each expert's opinion.

**PLEASE TAKE FURTHER NOTICE** that we will object at trial to the offer of any proof of an expert's

qualifications which are different from or additional to those which the adverse party calling the expert had disclosed in reference to sub-paragraph D.

## COLLATERAL SOURCE INFORMATION

Each plaintiff seeking to recover for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss is to serve, pursuant to CPLR 4545(c), within thirty (30) days from the service of this Demand, a statement of all past and future cost and expense which has been or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source such as insurance (except life insurance), social security, workers' compensation, or employee benefit programs. Each such statement is to set forth the name, address, and insurance policy (or other account) number of each collateral source payor; and, separately stated for each payor, a list specifying the date and amount of each payment and the name, address, and social security number or other taxpayer identification number of each payee.

## PRODUCTION OF MEDICAL REPORTS AND AUTHORIZATIONS

Each plaintiff is to serve upon and deliver to us within thirty (30) days from the service of this Demand:

<u>Medical Reports and Bills</u>:  Copies of the medical reports and bills of those health professionals who have previously treated or examined the plaintiff. Those reports shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those diagnostic tests and technicians' reports which will be offered at the trial.

<u>Medical Authorizations</u>:  Duly executed and acknowledged written medical authorizations, complying with the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. §164.508(a), (using attached form) permitting all parties to obtain and make copies of the records and notes including any intake sheets, diagnostic tests, X-Rays, MRI's and cat scan films, of all treating and examining hospitals, physicians and other medical professionals.

**PRODUCTION OF RECORDS AND AUTHORIZATIONS**

Each plaintiff is to serve upon and deliver to us within thirty (30) days from the service of this demand duly executed, fully addressed and acknowledged written authorizations permitting all parties to obtain and make copies of each of the following:

A.   All workers' compensation records and reports of hearings pertaining to the incident alleged to have occurred in plaintiff's complaint maintained by the workers' compensation Board and workers' compensation carrier.

B.   All records of present and past employment of plaintiff.

C.   All records in the no-fault file of any carrier issuing benefits to the plaintiff arising out of the incident alleged to have occurred in the complaint.

D.   All records of the Internal Revenue Service filed by the plaintiff for the calendar year prior to the date of the incident alleged in the complaint and for the two subsequent years. Please use IRS form 4506 and attach 2 copies of identification of the plaintiff, with photo and signature as required by the IRS.

E.   All records of schools attended by plaintiff.

F.   All records of each collateral source that has provided and/or in the future will be providing any payment or reimbursement for expenses incurred because of this incident.

### NAMES AND ADDRESSES OF ATTORNEYS

Each adverse party is to serve on us, within thirty (30) days from service of this Demand, the names and

addresses of all attorneys having appeared in this action on behalf of any adverse party.

PLEASE TAKE FURTHER NOTICE THAT THESE ARE CONTINUING DEMANDS, and that each demand requires that an adverse party who acquires more than thirty (30) days from the service of this demand any document, information, or thing (including the opinion of any person whom the adverse party expects to call as an expert witness at trial) which is responsive to any of the above demands, is to give us prompt written advice to that effect; and, within thirty (30) days (but no less than sixty (60) days before trial), is to serve all such information on us and allow us to inspect, copy, test, and photograph each such document or thing.

PLEASE TAKE FURTHER NOTICE that we will object at trial, and move to preclude as to any adverse party who does not timely identify any witness, serve any report, or produce any document, information, or thing which is responsive to a discovery demand set forth in any of the ensuing paragraphs:

A.  From calling any event or notice witness not identified to us or medical expert whose reports have not been served on us;

B.   From calling any other expert witness whose identity, qualifications, and expected fact and opinion testimony (together with a summary of the grounds for each such opinion) have not been served on us;

C.   From putting in evidence any exhibit not served on us or produced for us to discover, inspect, copy, and photograph in accordance with any of the ensuing paragraphs; and

D.   From offering any other proof not timely disclosed pursuant to a court order in this action.

DATED: June 13, 2008
        White Plains, New York

                        Yours, etc.,

                        **EUSTACE & MARQUEZ**
                        Attorneys for Defendants
                        **THE MACERICH COMPANY,**
                        **MACERICH MANAGEMENT COMPANY**
                        **AND MACERICH PROPERTY**
                        **MANAGEMENT COMPANY, LLC**
                        Office and Post Office
                        Address
                        1311 Mamaroneck Avenue
                        3rd Floor
                        White Plains, New York  10605
                        (914) 989-6650

                        By: _____

                        Diane C. Miceli

To:

Lynn Law Firm, LLP
Attorneys for Plaintiff, Kennie Correa
802 M&T Bank Building
101 S. Salina Street
Syracuse, New York  13202

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x
KENNIE CORREA,

                 Plaintiff

                v.

THE MACERICH COMPANY, MACERICH MANAGEMENT
COMPANY AND MACERICH PROPERTY MANAGEMENT
COMPANY, LLC,

               Defendants
------------------------------------x

Index No.:  303912/08

**DEMAND FOR VERIFIED
BILL OF PARTICULARS**

     **PLEASE TAKE NOTICE**, Defendants, THE MACERICH COMPANY,

MACERICH MANAGEMENT COMPANY and MACERICH PROPERTY

MANAGEMENT COMPANY, LLC, by their attorneys, Eustace &

Marquez, demands pursuant to CPLR 3041-3044, that each

Plaintiff furnish, within thirty (30) days of the date of

this demand a **Verified** Bill of the following particulars:

    A.    <u>Liability Issues:</u>

    1.    The legal name, address, date of birth and social

security number of each plaintiff,

    2.    The date and approximate time of day of the

alleged accident.

    3.    The location of the alleged accident.

    4.        (a)  A statement of the acts or omissions

                constituting any negligence or other

culpable conduct claimed against this

defendant.

    (b)  If breach of warranty is alleged, state

whether said warranty was:

i.   expressed or implied;

ii.  oral or written;

iii. if written, set forth a copy thereof;

and

iv.  if oral, state by whom and to whom the

alleged warranty was made, specifying

the time, place and persons in

sufficient detail to permit

identification.

5.   If actual notice is claimed, a statement of when,

by whom and to whom actual notice was given and whether

such notice was in writing; also, if such notice was in

writing, the statement is to include the name and address

of anyone who has any copy of it.

6.   If constructive notice is claimed, a statement of

how long any allegedly dangerous or defective condition

existed before the occurrence and who has first-hand

knowledge of any such facts.

7.   If any violation is claimed, a citation to each

statute, ordinance, regulation, and other federal, state,

or local rule which it is claimed that any defendant we
represent has violated.

8.   If any prior similar occurrence is claimed, a
statement of its date, approximate time of day and
approximate location.

9.   If any subsequent repair or other remedial action
is claimed, a statement of its date, approximate time of
day, approximate location, who made such repair or took
such other action and who has first-hand knowledge of
either.

B.   **Damage Issues: Personal Injury:**

10.   A statement of the injuries claimed to have been
sustained by plaintiff as a result of the accident and a
description of any injuries claimed to be permanent.

11.   In any action under Ins. Law, §5104(a), for
personal injuries arising out of negligence in the use or
operation of a motor vehicle in this state, in what respect
and to what extent any plaintiff has sustained:

    (a)   serious injury, as defined by Insurance
          Law, 5102(b);

    (b)   economic loss greater than basic economic
          loss, as defined by Insurance Law, 5102 (a).

12.  If plaintiff was treated at a hospital or hospitals, the name and address of each hospital and the exact dates of admission or treatment at each.

13.  The name and address of all medical professionals that treated or examined plaintiffs with regard to the injuries claimed, and the exact dates of treatment received from each.

14.  If loss of earnings is claimed, the name and address of plaintiff's employer, the nature of plaintiff's employment, and the exact dates that the plaintiff was incapacitated from employment.

15.  A statement of the exact dates that each plaintiff was:

      (a)  hospitalized;

      (b)  confined to bed;

      (c)  confined to house;

16.  Total amounts each plaintiff claims as special damages for:

      (a)  physicians' services;

      (b)  medical supplies

      (c)  loss of earnings to date, with the name(s) and address(es) of plaintiff's employer(s);

      (d)  loss of earnings in the future, stating how the figure was calculated;

(e)  hospital expenses;

(f)  nurses' services;

(g)  any other special damages claimed.

17.  If any plaintiff claims loss of services, a statement of all such losses claimed, including the nature and extent of the lost services and all special damages claimed.

18.  The name, address and amounts received from each collateral source that has paid or reimbursed plaintiff for any of the expenses incurred as a result of this accident.

DATED:  June 13, 2008
        White Plains, New York

                          Yours, Etc.,
                          **EUSTACE & MARQUEZ**
                          Attorneys for Defendants
                          **THE MACERICH COMPANY,**
                          **MACERICH MANAGEMENT COMPANY**
                          **AND MACERICH PROPERTY**
                          **MANAGEMENT COMPANY, LLC**
                          Office and Post Office
                          Address
                          1311 Mamaroneck Avenue
                          3rd Floor
                          White Plains, New York  10605
                          (914) 989-6650


                          By:  _____
                          Diane C. Miceli

To:

Lynn Law Firm, LLP
Attorneys for Plaintiff, Kennie Correa
802 M&T Bank Building
101 S. Salina Street
Syracuse, New York  13202

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x      Index No.:  303912/08
KENNIE CORREA,

                    Plaintiff

                                           **AFFIDAVIT OF SERVICE**

            v.

THE MACERICH COMPANY, MACERICH MANAGEMENT
COMPANY AND MACERICH PROPERTY MANAGEMENT
COMPANY, LLC,

                    Defendants
------------------------------------x

STATE OF NEW YORK          )
                               ss.
COUNTY OF WESTCHESTER      )

Linda McKeiver, being duly sworn, deposes and says:
That I am over the age of eighteen years (18) and not a
party to this action.
That on June 13, 2008, I served upon:

Lynn Law Firm, LLP
Attorneys for Plaintiff, Kennie Correa
802 M&T Bank Building
101 S. Salina Street
Syracuse, New York  13202

A true copy of the annexed **ANSWER TO COMPLAINT, NOTICE
PURSUANT TO CPLR 2103, DEMAND FOR VERIFIED BILL OF
PARTICULARS AND VARIOUS DISCOVERY DEMANDS** by depositing it
endorsed in a postpaid properly addressed wrapper, in a
post office or, official depository under the exclusive
care and custody of the United States Postal Service within

Index No.:  303912/08

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

KENNIE CORREA,

           Plaintiff

      against

THE MACERICH COMPANY, MACERICH MANAGEMENT COMPANY
AND MACERICH PROPERTY MANAGEMENT COMPANY, LLC,

      Defendants

---

**ANSWER TO COMPLAINT, NOTICE PURSUANT TO CPLR 2103, DEMAND
FOR VERIFIED BILL OF PARTICULARS AND VARIOUS DISCOVERY
DEMANDS**

---

EUSTACE & MARQUEZ
Attorneys for Defendants
The Macerich Company, Macerich Management Company and
Macerich Property Management Company, LLC
Office and Post Office Address:
1311 Mamaroneck Avenue
3rd Floor
White Plains, New York  10605
(914) 989-6650

the State of New York, at the address designated by him or
her upon the last paper served by him or her in the action.

DATED: June 13, 2008
       White Plains, New York


                                    _____
                                    Linda McKeiver



Sworn and subscribed
Before me on June 13, 2008


ARLENE M. KELLY
Notary Public, State of New York
No. 01KE6040106
Qualified in Rockland County
Commission Expires 10/10/18

Index No.:  303912/08

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

KENNIE CORREA,

              Plaintiff

      -against-

THE MACERICH COMPANY, MACERICH MANAGEMENT COMPANY
AND MACERICH PROPERTY MANAGEMENT COMPANY, LLC,

          Defendants

---

**NOTICE OF REMOVAL**

---

**EUSTACE & MARQUEZ**
Attorneys for Defendants
**The Macerich Company**
Office and Post Office Address
1311 Mamaroneck Avenue
3rd Floor
White Plains, New York  10605
(914) 989-6650