SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------x     Index No.:   303912/08
KENNIE CORREA,

                    Plaintiff            **ANSWER TO COMPLAINT**

                    v.

THE MACERICH COMPANY, MACERICH
MANAGEMENT COMPANY AND MACERICH PROPERTY
MANAGEMENT COMPANY, LLC,

                    Defendants
-------------------------------------x

        Defendants, The Macerich Company, Macerich Management

Company and Macerich Property Management Company, LLC, by

their attorneys, EUSTACE & MARQUEZ, answer the Complaint of

the Plaintiff by stating as follows:

        1.    Deny, upon information and belief, the allegations of

paragraphs 37, 38, 39, 40, 42, 78, 79, 80, 81, 83, 118, 119,

120, 121, 122 and 124.

        2.    Deny, upon information and belief, the allegations of

paragraphs 41, 82 and 123 and respectfully refers all questions

of law to this Honorable Court.

        3.    Deny having knowledge or information sufficient to

form a belief as to the truth of the allegations of paragraphs

1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18,

19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34,

35, 36, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60,

61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116 and 117.

4.    Respond to paragraph 84 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

5.    The injuries alleged to have been suffered by the Plaintiff were caused, in whole or part, by the conduct of Plaintiff. Plaintiff's claims therefore are barred or diminished in the proportion that such culpable conduct of Plaintiff bears to the total culpable conduct causing the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

6.    Pursuant to CPLR Article 16, the liability of these Defendants for non-economic loss shall not exceed the equitable share of these Defendants determined in accordance with the relative culpability of each person/party causing or contributing to the total liability for non-economic loss.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

7.    That recovery, if any, by the Plaintiff shall be reduced by the amounts paid or reimbursed by collateral sources in accordance with CPLR 4545(c).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

8.    That if it is determined that these answering Defendants are responsible for the acts alleged in the Complaint then Plaintiff failed to take appropriate action to mitigate any damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

9.    The injuries and damages alleged in the Complaint of the Plaintiff were caused or contributed to by Plaintiff's culpable conduct in assuming the risk under the conditions and circumstances existing.

WHEREFORE, these Defendants demand judgment dismissing the Complaint, together with costs and disbursements, and in the event any judgment or settlement is recovered herein against these Defendants, then these Defendants further demand that such judgment be reduced by the amount which is proportionate to the degree of culpability of any plaintiff, and these Defendants further demand judgment

against each other party on the respective crossclaims

and/or counterclaims.

DATED: June 13, 2008
       White Plains, New York


                              Yours, etc.,

                              **EUSTACE & MARQUEZ**
                              Attorneys for Defendants
                              **THE MACERICH COMPANY,**
                              **MACERICH MANAGEMENT COMPANY**
                              **AND MACERICH PROPERTY**
                              **MANAGEMENT COMPANY, LLC**
                              Office and Post Office
                              Address
                              1311 Mamaroneck Avenue
                              3rd Floor
                              White Plains, New York   10605
                              (914) 989-6650

                              By: _____

                              Diane C. Miceli

To:

Lynn Law Firm, LLP
Attorneys for Plaintiff, Kennie Correa
802 M&T Bank Building
101 S. Salina Street
Syracuse, New York  13202

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------x
KENNIE CORREA,

               Plaintiff

               v.

THE MACERICH COMPANY, MACERICH MANAGEMENT
COMPANY AND MACERICH PROPERTY MANAGEMENT
COMPANY, LLC,

               Defendants
-------------------------------------x

Index No.:  303912/08

**NOTICE PURSUANT TO
CPLR 2103**

     **PLEASE TAKE NOTICE** that Defendants **The Macerich Company, Macerich Management Company and Macerich Property Management Company, LLC,** by their attorneys, EUSTACE & MARQUEZ, hereby serve(s) Notice upon you pursuant to Rule 2103 of the Civil Practice Law and Rules that it **expressly rejects** service of papers in this matter upon them by electronic means.

     **PLEASE TAKE FURTHER NOTICE** that waiver of the foregoing may only be affected by express prior written consent to such service by **EUSTACE & MARQUEZ** and by placement thereby of **EUSTACE & MARQUEZ** electronic communication number in the address block of papers filed

with the Court.

DATED: June 13, 2008
       White Plains, New York


                              Yours, etc.,

                              **EUSTACE & MARQUEZ**
                              Attorneys for Defendants
                              **THE MACERICH COMPANY,**
                              **MACERICH MANAGEMENT COMPANY**
                              **AND MACERICH PROPERTY**
                              **MANAGEMENT COMPANY, LLC**
                              Office and Post Office
                              Address
                              1311 Mamaroneck Avenue
                              3rd Floor
                              White Plains, New York  10605
                              (914) 989-6650

                              By: _____

                              Diane C. Miceli

To:

Lynn Law Firm, LLP
Attorneys for Plaintiff, Kennie Correa
802 M&T Bank Building
101 S. Salina Street
Syracuse, New York  13202

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------x     Index No.:  303912/08
KENNIE CORREA,

                                            **COMBINED DISCOVERY**
              Plaintiff                     **DEMANDS AND NOTICE OF**
                                            **DEPOSITION**

              v.

THE MACERICH COMPANY, MACERICH MANAGEMENT
COMPANY AND MACERICH PROPERTY MANAGEMENT
COMPANY, LLC,

              Defendants
--------------------------------------x

        **PLEASE TAKE NOTICE,** that Defendants **The Macerich Company,**

**Macerich Management Company and Macerich Property Management**

**Company, LLC,** by their attorneys, **EUSTACE & MARQUEZ,** demands

that each adverse party afford us the disclosure which this

notice and demand specifies:

        **DEPOSITIONS OF ADVERSE PARTIES UPON ORAL EXAMINATION**

        A.  Each adverse party is to appear for deposition

upon oral examination pursuant to CPLR 3107:

        (1) At this date and time: July 14, 2008 at 10:00 am

        (2) At this place:  Eustace & Marquez

                            1311 Mamaroneck Avenue

                            3rd Floor

                            White Plains, NY 10605

        Pursuant to CPLR 3106(d) we designate the following as

the identity, description or title of the particular

officer, director, member, or employee of the adverse party specified whose deposition we desire to take: ALL PARTIES

C.  Each deposition witness thus examined is to produce at such time and place, pursuant to CPLR 3111, all books, papers, and other things which are relevant to the issues in the action and within that adverse party's possession, custody, or control to be marked as exhibits, and used on the examination.

## PARTY STATEMENTS

Each adverse party is to serve on us, pursuant to CPLR 3101(e) and CPLR 3120, within thirty (30) days from the service of this Demand, a complete and legible copy of any statement made by or taken from any individual party or any officer, agent, or employee of said party.

## INSURANCE POLICIES

Each adverse party is to serve, pursuant to CPLR 3101(f) and CPLR 3120, within thirty (30) days from the service of this Demand, a complete and legible copy of each primary or excess insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

### ACCIDENT REPORTS

Each adverse party is to serve, pursuant to CPLR 3101(g) and CPLR 3120, within thirty (30) days from service of this Demand, a complete and legible copy of every written report of the accident or other event alleged in the complaint prepared in the regular course of that adverse party's business operations or practices.

### PHOTOGRAPHS AND VIDEOTAPES

Each adverse party is to serve within thirty (30) days from the service of this Demand, complete and legible photographic or videotape reproductions of any and all photographs, motion pictures, maps, drawings, diagrams, measurements, surveys of the scene of the accident or equipment or instrumentality involved in the action or photographs of persons or vehicles involved (if applicable) made either before, after or at the time of the events in question, including any photographs or videotapes made of the plaintiff at any time since the incident referred to in the Complaint.

### WITNESSES

Each adverse party is to serve within thirty (30) days from the service of this Demand, the name and address of each witness to any of the following:

1.   The accident, occurrence or any other event set forth in the complaint.

2.   Any fact tending to prove actual or constructive notice of any condition which may give rise to the liability of any person, whether or not a party, for any damages alleged in this action.

3.   Any admission, statement, writing or act of our client.

## EXPERT WITNESS MATERIAL

Each adverse party is to serve, pursuant to CPLR 3101(d)(1), within thirty (30) days from the service of this request, a statement specifying all of the following data as to each person whom that adverse party expects to call as an expert witness at trial:

A.   The identity of each expert;

B.   The subject matter on which each expert is expected to testify, disclosed in reasonable detail;

C.   The substance of the facts and opinions on which each expert is expected to testify;

D.   The qualifications of each expert; and

E.   A summary of the grounds for each expert's opinion.

**PLEASE TAKE FURTHER NOTICE** that we will object at trial to the offer of any proof of an expert's

qualifications which are different from or additional to those which the adverse party calling the expert had disclosed in reference to sub-paragraph D.

## COLLATERAL SOURCE INFORMATION

Each plaintiff seeking to recover for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss is to serve, pursuant to CPLR 4545(c), within thirty (30) days from the service of this Demand, a statement of all past and future cost and expense which has been or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source such as insurance (except life insurance), social security, workers' compensation, or employee benefit programs. Each such statement is to set forth the name, address, and insurance policy (or other account) number of each collateral source payor; and, separately stated for each payor, a list specifying the date and amount of each payment and the name, address, and social security number or other taxpayer identification number of each payee.

## PRODUCTION OF MEDICAL REPORTS AND AUTHORIZATIONS

Each plaintiff is to serve upon and deliver to us within thirty (30) days from the service of this Demand:

<u>Medical Reports and Bills</u>:  Copies of the medical reports and bills of those health professionals who have previously treated or examined the plaintiff. Those reports shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those diagnostic tests and technicians' reports which will be offered at the trial.

<u>Medical Authorizations</u>:  Duly executed and acknowledged written medical authorizations, complying with the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. §164.508(a), (using attached form) permitting all parties to obtain and make copies of the records and notes including any intake sheets, diagnostic tests, X-Rays, MRI's and cat scan films, of all treating and examining hospitals, physicians and other medical professionals.

**PRODUCTION OF RECORDS AND AUTHORIZATIONS**

Each plaintiff is to serve upon and deliver to us within thirty (30) days from the service of this demand duly executed, fully addressed and acknowledged written authorizations permitting all parties to obtain and make copies of each of the following:

A.   All workers' compensation records and reports of hearings pertaining to the incident alleged to have occurred in plaintiff's complaint maintained by the workers' compensation Board and workers' compensation carrier.

B.   All records of present and past employment of plaintiff.

C.   All records in the no-fault file of any carrier issuing benefits to the plaintiff arising out of the incident alleged to have occurred in the complaint.

D.   All records of the Internal Revenue Service filed by the plaintiff for the calendar year prior to the date of the incident alleged in the complaint and for the two subsequent years. Please use IRS form 4506 and attach 2 copies of identification of the plaintiff, with photo and signature as required by the IRS.

E.   All records of schools attended by plaintiff.

F.   All records of each collateral source that has provided and/or in the future will be providing any payment or reimbursement for expenses incurred because of this incident.

### NAMES AND ADDRESSES OF ATTORNEYS

Each adverse party is to serve on us, within thirty (30) days from service of this Demand, the names and

addresses of all attorneys having appeared in this action on behalf of any adverse party.

PLEASE TAKE FURTHER NOTICE THAT THESE ARE CONTINUING DEMANDS, and that each demand requires that an adverse party who acquires more than thirty (30) days from the service of this demand any document, information, or thing (including the opinion of any person whom the adverse party expects to call as an expert witness at trial) which is responsive to any of the above demands, is to give us prompt written advice to that effect; and, within thirty (30) days (but no less than sixty (60) days before trial), is to serve all such information on us and allow us to inspect, copy, test, and photograph each such document or thing.

PLEASE TAKE FURTHER NOTICE that we will object at trial, and move to preclude as to any adverse party who does not timely identify any witness, serve any report, or produce any document, information, or thing which is responsive to a discovery demand set forth in any of the ensuing paragraphs:

A.  From calling any event or notice witness not identified to us or medical expert whose reports have not been served on us;

B.   From calling any other expert witness whose identity, qualifications, and expected fact and opinion testimony (together with a summary of the grounds for each such opinion) have not been served on us;

C.   From putting in evidence any exhibit not served on us or produced for us to discover, inspect, copy, and photograph in accordance with any of the ensuing paragraphs; and

D.   From offering any other proof not timely disclosed pursuant to a court order in this action.

DATED: June 13, 2008
       White Plains, New York

                              Yours, etc.,

                              **EUSTACE & MARQUEZ**
                              Attorneys for Defendants
                              **THE MACERICH COMPANY,**
                              **MACERICH MANAGEMENT COMPANY**
                              **AND MACERICH PROPERTY**
                              **MANAGEMENT COMPANY, LLC**
                              Office and Post Office
                              Address
                              1311 Mamaroneck Avenue
                              3rd Floor
                              White Plains, New York  10605
                              (914) 989-6650

                              By:

                              _____
                              Diane C. Miceli

To:

Lynn Law Firm, LLP
Attorneys for Plaintiff, Kennie Correa
802 M&T Bank Building
101 S. Salina Street
Syracuse, New York  13202

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------x      Index No.:  303912/08
KENNIE CORREA,
                                           **DEMAND FOR VERIFIED**
                Plaintiff                  **BILL OF PARTICULARS**

                v.

THE MACERICH COMPANY, MACERICH MANAGEMENT
COMPANY AND MACERICH PROPERTY MANAGEMENT
COMPANY, LLC,

                Defendants
------------------------------------x

        **PLEASE TAKE NOTICE,** Defendants, THE MACERICH COMPANY,

MACERICH MANAGEMENT COMPANY and MACERICH PROPERTY

MANAGEMENT COMPANY, LLC, by their attorneys, Eustace &

Marquez, demands pursuant to CPLR 3041-3044, that each

Plaintiff furnish, within thirty (30) days of the date of

this demand a **Verified** Bill of the following particulars:

        A.    <u>Liability Issues:</u>

        1.    The legal name, address, date of birth and social

security number of each plaintiff,

        2.    The date and approximate time of day of the

alleged accident.

        3.    The location of the alleged accident.

        4.              (a)  A statement of the acts or omissions

                        constituting any negligence or other

culpable conduct claimed against this defendant.

(b) If breach of warranty is alleged, state whether said warranty was:

i. expressed or implied;

ii. oral or written;

iii. if written, set forth a copy thereof; and

iv. if oral, state by whom and to whom the alleged warranty was made, specifying the time, place and persons in sufficient detail to permit identification.

5. If actual notice is claimed, a statement of when, by whom and to whom actual notice was given and whether such notice was in writing; also, if such notice was in writing, the statement is to include the name and address of anyone who has any copy of it.

6. If constructive notice is claimed, a statement of how long any allegedly dangerous or defective condition existed before the occurrence and who has first-hand knowledge of any such facts.

7. If any violation is claimed, a citation to each statute, ordinance, regulation, and other federal, state,

or local rule which it is claimed that any defendant we represent has violated.

8.   If any prior similar occurrence is claimed, a statement of its date, approximate time of day and approximate location.

9.   If any subsequent repair or other remedial action is claimed, a statement of its date, approximate time of day, approximate location, who made such repair or took such other action and who has first-hand knowledge of either.

**B.   Damage Issues: Personal Injury:**

10.   A statement of the injuries claimed to have been sustained by plaintiff as a result of the accident and a description of any injuries claimed to be permanent.

11.   In any action under Ins. Law, §5104(a), for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, in what respect and to what extent any plaintiff has sustained:

      (a)   serious injury, as defined by Insurance
            Law,5102(b);

      (b)   economic loss greater than basic economic
            loss, as defined by Insurance Law, 5102 (a).

12.  If plaintiff was treated at a hospital or hospitals, the name and address of each hospital and the exact dates of admission or treatment at each.

13.  The name and address of all medical professionals that treated or examined plaintiffs with regard to the injuries claimed, and the exact dates of treatment received from each.

14.  If loss of earnings is claimed, the name and address of plaintiff's employer, the nature of plaintiff's employment, and the exact dates that the plaintiff was incapacitated from employment.

15.  A statement of the exact dates that each plaintiff was:

      (a)  hospitalized;

      (b)  confined to bed;

      (c)  confined to house;

16.  Total amounts each plaintiff claims as special damages for:

      (a)  physicians' services;

      (b)  medical supplies

      (c)  loss of earnings to date, with the name(s) and address(es) of plaintiff's employer(s);

      (d)  loss of earnings in the future, stating how the figure was calculated;

(e)   hospital expenses;

(f)   nurses' services;

(g)   any other special damages claimed.

17.   If any plaintiff claims loss of services, a statement of all such losses claimed, including the nature and extent of the lost services and all special damages claimed.

18.   The name, address and amounts received from each collateral source that has paid or reimbursed plaintiff for any of the expenses incurred as a result of this accident.

DATED: June 13, 2008
        White Plains, New York

Yours, Etc.,
**EUSTACE & MARQUEZ**
Attorneys for Defendants
**THE MACERICH COMPANY,**
**MACERICH MANAGEMENT COMPANY**
**AND MACERICH PROPERTY**
**MANAGEMENT COMPANY, LLC**
Office and Post Office
Address
1311 Mamaroneck Avenue
3rd Floor
White Plains, New York  10605
(914) 989-6650

By: _____
      Diane C. Miceli

To:

Lynn Law Firm, LLP
Attorneys for Plaintiff, Kennie Correa
802 M&T Bank Building
101 S. Salina Street
Syracuse, New York  13202

Index No.:  303912/08

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

KENNIE CORREA,

                    Plaintiff

            against

THE MACERICH COMPANY, MACERICH MANAGEMENT COMPANY
AND MACERICH PROPERTY MANAGEMENT COMPANY, LLC,

                    Defendants

---

**ANSWER TO COMPLAINT, NOTICE PURSUANT TO CPLR 2103, DEMAND
FOR VERIFIED BILL OF PARTICULARS AND VARIOUS DISCOVERY
DEMANDS**

---

EUSTACE & MARQUEZ
Attorneys for Defendants
**The Macerich Company, Macerich Management Company and
Macerich Property Management Company, LLC**
Office and Post Office Address
1311 Mamaroneck Avenue
3rd Floor
White Plains, New York  10605
(914) 989-6650